**United States District Court**
For the Northern District of California

1

2

3

4

5    UNITED STATES DISTRICT COURT

6    NORTHERN DISTRICT OF CALIFORNIA

7

8   DARVON PAYNE,                                    No. C 12-3010 SI (pr)

9           Plaintiff,                               **ORDER OF DISMISSAL**

10          v.

11   BARRY NEWMAN; et al.,

12          Defendants.
                                            /
13

14          Plaintiff has filed a complaint for malpractice against attorneys who represented him in

15   a state habeas proceeding.  He later filed an amended complaint.  He alleges that the attorneys

16   provided inadequate representation during the habeas proceeding and thereafter failed to provide

17   a declaration about his absence from an evidentiary hearing and refused to turn over his files to

18   him.

19          A federal court must engage in a preliminary screening of any case in which a prisoner

20   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

21   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

22   any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

23   or seek monetary relief from a defendant who is immune from such relief.  *See id*. at 1915A(b).

24   Even if § 1915A does not apply – as, for example, occurs when the prisoner-plaintiff does not

25   seek redress from a governmental entity or officer or employee of a governmental entity – §

26   1915 permits the court to review a complaint filed *in forma pauperis*, and dismiss the action if

27   the complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §

28   1915(e)(2)(B)(ii).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1    Federal courts are courts of limited jurisdiction.  As relevant here, the court only has

2  jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim

3  asserted under 42 U.S.C. § 1983.  (There are other federal statutes that grant other bases of

4  federal court jurisdiction, but none are applicable to this action.)  In simple terms, a complaint

5  can go forward in federal court if a claim is stated under § 1983; if a complaint does not state

6  a claim under § 1983, the plaintiff must file his action in state court.

7    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

8  person acting under the color of state law (2) violated a right secured by the Constitution or laws

9  of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

10    The amended complaint fails to state a claim under § 1983 because neither requirement

11  for a § 1983 claim is present.  First, there is no state actor.  State court criminal defendants

12  cannot sue their lawyers in federal court for most lawyer-type mistakes.  A public defender does

13  not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when

14  performing a lawyer's traditional functions, such as entering pleas, making motions, objecting

15  at trial, cross-examining witnesses, and making closing arguments.  *Polk County v. Dodson*, 454

16  U.S. 312, 318-19 (1981).   Alternate defenders, who handle cases when the public defender is

17  not available, also would not be acting under color of state law.  Here, the defendants appear to

18  be the public defenders or alternate defenders in Contra Costa County who represented plaintiff

19  in a state habeas action.  They are not state actors and therefore have no liability under § 1983

20  for the acts and omissions alleged by plaintiff in this action.  Second, there is no allegation of

21  a violation of a right secured by the U.S. Constitution or federal law.  The amended complaint

22  for negligence and legal malpractice alleges only state law claims, and those are not actionable

23  under § 1983.  For the foregoing reasons, this action is dismissed for failure to state a claim upon

24  which relief may be granted.   Leave to amend will not be granted because the defects in the

25  amended complaint are not curable.

26    Plaintiff's motion to augment the record is DENIED.  (Docket # 5.)  There is no need to

27  augment the record here with further filings, because federal court is not the right court for his

28  claims.   Plaintiff's remedy, if any, may be in state court and/or with the California State Bar.

1  Finally, plaintiff sent a letter (Docket # 7) stating that the court granted *in forma pauperis*

2  in the wrong case when it granted his application in Case No. 12-2872 SI.  The court did not err.

3  Plaintiff owes a filing fee in *every* case he files, regardless of whether it is dismissed or allowed

4  to proceed.  Thus, he owes a filing fee for Case No. C 12-2872 SI, as well as for Case No. C 12-

5  3010 SI.

6  The clerk shall close the file.

7  IT IS SO ORDERED.

8  Dated: October 2, 2012

                                   SUSAN ILLSTON

9                            United States District Judge

**United States District Court**
For the Northern District of California

3